JOEL C. SPANN (State Bar No. 277615)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

ROBERT J. GANDY (State Bar No. 225405)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant,
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| PERRY J. FERRUCCI and BETSY P. FERRUCCI,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No. 2:20-cv-01043-JAM-KJN<br><br>**STIPULATED PROTECTIVE ORDER** |

70000.3654/15509055.1

**IT IS HEREBY STIPULATED** by the parties to this action, by and through their respective attorneys of record herein, that discovery, disclosure and use of specified private, privileged, proprietary and/or confidential information in this lawsuit *Perry J. Ferrucci, et al., v. Bank of America, N.A., et al.*, United States District Court, Eastern District of California, Case Number 2:20-cv-01043-JAM-KJN ("Lawsuit"), shall be had on the following terms:

1. A. <u>**PURPOSES AND LIMITATIONS**</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. This agreement is effective as of the date of the filing of this action.

B. <u>**GOOD CAUSE STATEMENT**</u>

Good cause exists for entry of this Stipulated Protective Order because this action is likely to involve proprietary information such as Defendants' confidential policies and procedures, personal financial information, including financial account numbers, computer systems and software. Specifically, documents to be sought by Plaintiffs likely contain internal policies and memoranda which are likely not public information. Likewise, Defendants will likely request information from Plaintiffs containing personal banking information and other financial information in which Plaintiffs have protected privacy interests.

Based on information requested, including that described herein, the Parties anticipate that they will disclose sensitive personal, financial, and/or proprietary information. Private information

of third parties may also be disclosed. It is important that this information remain protected and not be readily available due to the dangers of identity theft, the constitutional privacy rights of third parties, and protection of business competition interests. The unrestricted or unprotected disclosure of such private, financial and/or business information would result in prejudice or harm to the producing party and third parties by revealing their information which could result in identity theft, loss of business and/or violation of federal and state privacy laws.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there are sufficient bases why it should not be part of the public record of this case.

**2.     DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL": information (regardless of how generated, stored or maintained) or tangible things that qualify for such protection under Federal Rules of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in Disclosure or Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY".

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY".

2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

1  Producing Party.

2  **3.    SCOPE**

3  The protections conferred by this Stipulation and Order cover not only Protected Material
4  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
5  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
6  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.
7  However, the protections conferred by this Stipulation and Order do not cover the following
8  information: (a) any information that is in the public domain at the time of disclosure to a
9  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a
10 result of publication not involving a violation of this Order, including becoming part of the public
11 record through trial or otherwise; and (b) any information known to the Receiving Party prior to
12 the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained
13 the information lawfully and under no obligation of confidentiality to the Designating Party. Any
14 use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does
15 not govern the use of Protected Material at trial.

16 **4.    DURATION**

17 Even after final disposition of this litigation, the confidentiality obligations imposed by this
18 Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in
19 writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)
20 dismissal of all claims and defenses in this action, with or without prejudice; and (2) final
21 judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or
22 reviews of this action, including the time limits for filing any motions or applications for extension
23 of time pursuant to applicable law.

24 **5.    DESIGNATING PROTECTED MATERIAL**

25 **5.1    Exercise of Restraint and Care in Designating Material for Protection**. Each
26 Party or Non-Party that designates information or items for protection under this Order must take
27 care to limit any such designation to specific material that qualifies under the appropriate
28 standards. The Designating Party must designate for protection only those parts of material,

1 documents, items, or oral or written communications that qualify so that other portions of the
2 material, documents, items, or communications for which protection is not warranted are not
3 swept unjustifiably within the ambit of this Stipulated Protective Order.

4 Mass, indiscriminate, or routinized designations are prohibited. Designations that are
5 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
6 unnecessarily encumber or retard the case development process or to impose unnecessary
7 expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a
8 Designating Party's attention that information or items that it designated for protection do not
9 qualify for protection, that Designating Party must promptly notify all other Parties that it is
10 withdrawing the mistaken designation.

11 **5.2** **Manner and Timing of Designations**. Except as otherwise provided in this Order
12 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
13 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
14 designated before the material is disclosed or produced.

15 Designation in conformity with this Order requires:

16 (a) for information in documentary form (e.g., paper or electronic documents,
17 but excluding transcripts of depositions or other pretrial proceedings), that the Producing
18 Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL
19 ONLY" to each page that contains protected material. If only a portion or portions of the
20 material on a page qualifies for protection, the Producing Party also must clearly identify
21 the protected portion(s) (e.g., by making appropriate markings in the margins).

22 A Party or Non-Party that makes original documents or materials available for
23 inspection need not designate them for protection until after the inspecting Party has
24 indicated which material it would like copied and produced. During the inspection and
25 before the designation, all of the material made available for inspection shall be deemed
26 "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY". After the
27 inspecting Party has identified the documents it wants copied and produced, the Producing
28 Party must determine which documents, or portions thereof, qualify for protection under

this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   (b)   for testimony given in pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

   (c)   Deposition testimony may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" in whole or in part, either on the record during the deposition or within thirty (30) days after receipt of the written transcript by the designating Party. Until that time, and unless otherwise indicated in writing or on the record, all deposition testimony shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" to permit counsel for the Party deposed an opportunity to designate the deposition testimony as Protected Material. If designation is made during the 30-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" on the front cover of the transcript, on each or all of the exhibits and/or pages so designated, and on each copy thereof, upon notice that the confidential designation has been made. In the event that a Party needs to file a deposition transcript with the Court prior to the expiration of the thirty (30) day period set forth above, that entire transcript shall be treated as if it had been designated as Protected Material.

   (d)   For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent

practicable, shall identify the protected portion(s).

**5.3** **Inadvertent Failures to Designate**. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1** **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2** **Meet and Confer**. The Challenging Patty shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process (see 6.3, below) only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3** **Judicial Intervention**. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be

accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the Challenging Party's right to challenge each challenged confidentiality designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Likewise, frivolous designations of material as Protected Material, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

Section 6 does not apply to or serve as a condition precedent to the filing of Protected Materials with the Court and any challenges to whether such materials should or should not be filed under seal. In such instances, Section 12.3 and Local Rule 141 apply.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1     **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Protected Material shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

**7.2** <u>**Disclosure of "CONFIDENTIAL" Information or Items**</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(d) the court, its personnel, and court reporters;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

**7.3** **Disclosure of "CONFIDENTIAL - FOR COUNSEL ONLY" Information or**

**Items:** Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL – For COUNSEL ONLY" must be viewed only by Outside Counsel (as defined in paragraph 2.10) of the Receiving Party and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the Designating Party or by permission of the Court. The party seeking approval of an independent expert must provide the Designating Party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the Designating Party to the expert. Any objection by the Designating Party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

      **7.4**    **Own Documents**.  Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

**8.**    <u>**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**</u>

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" that Party must:

      (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

70000.3654/15509055.1      10
STIPULATED PROTECTIVE ORDER

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely objects or seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Absent a court order to the contrary, the Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party.

  (c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request subject to the terms of this Stipulated Protective Order. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.** **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.** **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. This provision is not intended to modify any Stipulated Order Regarding Electronically-Stored Information entered in this action.

**12.** **<u>MISCELLANEOUS</u>**

 **12.1** **<u>Right to Further Relief</u>**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

70000.3654/15509055.1  12
STIPULATED PROTECTIVE ORDER

  **12.2** **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

  **12.3** **Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file any Protected Material must comply with Local Rule 141 (as it may be amended) and with any other applicable Federal or Local Rule.

**13.** **FINAL DISPOSITION**

  Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial and hearing transcripts, legal memoranda, correspondence, trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | | |
|---|---|---|
| 1 | DATED:  September 29, 2020 | LAW OFFICES OF AMANDA F. BENEDICT |
| 2 | | |
| 3 | | By:    /s/  Amanda F. Benedict |
| 4 | | Amanda F. Benedict, Esq. |
| | | Attorneys for Plaintiff |
| 5 | | PERRY J. FERRUCCI and BETSY P. FERRUCCI. |
| 6 | | |
| 7 | | |
| 8 | DATED:  September 29, 2020 | SEVERSON & WERSON |
| | | A Professional Corporation |
| 9 | | |
| 10 | | |
| 11 | | By:    /s/ Joel C. Spann |
| | | JOEL C. SPANN |
| 12 | | |
| | | Attorneys for Defendant, BANK OF AMERICA, N.A. |
| 13 | | |
| 14 | | |
| 15 | DATED:  September 29, 2020 | SEYFARTH SHAW, LLP |
| 16 | | |
| 17 | | By:    /s/ Eric E. Suits |
| | | Eric E. Suits |
| 18 | | Attorney for Defendant |
| 19 | | EQUIFAX INFORMATION SERVICES |
| 20 | | |
| 21 | | |
| 22 | DATED:  September 29, 2020 | JONES DAY |
| 23 | | |
| 24 | | By:    /s/ Jennifer Sun |
| | | Jennifer Sun |
| 25 | | Attorney for Defendant |
| | | EXPERIAN INFORMATION SOLUTIONS |
| 26 | | |
| 27 | | |
| 28 | | |

**ORDER**

The court has reviewed the parties' stipulated protective order, which comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.") Therefore, the court GRANTS the request subject to the following clarification.

This court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction after closure of the case. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017). Based on this rationale, the court will not retain jurisdiction over this protective order once the action is closed.

Dated:  September 30, 2020

ferr.1043

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:
   (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
   (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
   (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Perry J. Ferrucci, et al., v. Bank of America, N.A., et al*., Case Number 2:20-cv-01043-JAM-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____