UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY J. FERRUCCI, et al., | No.  2:20–cv–1043–JAM–KJN |
| Plaintiffs, | SUPPLEMENTAL ORDER |
| v. | (ECF Nos. 27, 30.) |
| BANK OF AMERICA, NA, et al., | |
| Defendants. | |

On April 22, 2021, the court held a hearing on a motion to compel brought by defendant Experian Information Solutions, Inc.  (ECF No. 27.)  Thereafter, the court found that attorney's fees were warranted under Federal Rule of Civil Procedure 37(a)(5)(A), and noted Experian's rate and hours for the fee request in a declaration.  (ECF No. 29, citing ECF No. 27-2 at ¶¶ 11-13.) Because plaintiffs indicated they might challenge the amount of the fee request, the court allowed additional time for briefing.  On April 29, plaintiffs submitted a notice indicating they would submit to the court's discretion on the fee amount.

In defense counsel's declaration, she indicated she spent 13 hours preparing and drafting the motion and joint statement.  Counsel indicated these hours did not include pre-motion conferrals with plaintiffs' counsel, nor hours from another attorney who worked on the case.  She asserted her hourly rate for 2021 is $575, as a 16-year member of the California bar.  Thus, Experian requests $8,625 in attorney's fees.

"Courts in the Ninth Circuit calculate an award of attorney's fees using the lodestar method, whereby a court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  Telles v. Li, 2013 WL 5199811, at *15 (N.D. Cal. Sept. 16, 2013).  "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).  In assessing fee applications, the reasonable hourly rates are calculated according to the prevailing market rates in the relevant legal community.  Blum v. Stenson, 465 U.S. 886, 895 (1984).  Typically, the "relevant legal community" is the forum district and the local hourly rates for similar work should normally be employed.  Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013).

As indicated at the hearing, while counsel's hourly rate may be comparable for the location where she practices, it is high for the Eastern District.  See, e.g., Wilson v. Metals USA, Inc., 2021 WL 516585, at *7 (E.D. Cal. Feb. 11, 2021) (awarding $400 hourly rate for a 19 year experienced attorney, down from a requested rate of $475).  The court finds the 13 hours spent preparing the motion and joint statement reasonable, and a $400 rate reasonable for the Eastern District.  Thus, the court awards $5,200 in attorney's fees to defendant Experian.

## ORDER

Accordingly, it is hereby ordered that within 14 days plaintiffs shall pay defendant Experian $5,200 in attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A).

Dated:  May 3, 2021

_Kendall J. Newman_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ferr.1043

2